FILED

IN THE DISTRICT COURT OF THE UNITED STATES

DEC 1 5 1999

DISTRICT OF SOUTH CAROLINA

LARRY W. [...] ERK
CHARLESTON, SC

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 2:99-1092 |
| vs. | 00-2721- |
| THOMAS BARRETT STRINGER | SIMONTON |

### ORDER FOR BENCH WARRANT

The Clerk of Court is hereby directed to issue a warrant for the above-named defendant, last known address 520 Arricola Avenue, St. Augustine, Florida 32084, as requested by the United States Attorney. Amount and conditions of bond to be set by the Judicial Officer before whom the defendant initially appears.

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF SOUTH CAROLINA

ON MOTION OF:

J. RENÉ JOSEY
UNITED STATES ATTORNEY

BY: _____
Scott N. Schools
Assistant United States Attorney

ORIGINAL FILED

IN THE DISTRICT COURT OF THE UNITED STATES

DEC 15 1999

DISTRICT OF SOUTH CAROLINA

LARRY W ~~~~~S. CLERK

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 2:99-1092 |
| | 18 U.S.C. 513(a) |
| v. | |
| THOMAS BARRETT STRINGER | |

### INDICTMENT

**MAXIMUM SENTENCE THIS COUNT**
**FINE OF $ 250,000 (18 USC 3571)**
**AND/OR IMPRISONMENT FOR 10 YEAR(S)**
**AND A TERM OF SUPERVISED RELEASE OF**
**3 YEAR(S) (18 USC 3583)**
**SPECIAL ASSESSMENT $ 100.00**
**(18 USC 3013)**

### COUNTS 1-15
(Uttering and possessing counterfeit security)

THE GRAND JURY CHARGES:

On or about October 9, 1998, in the District of South Carolina, **THOMAS BARRETT STRINGER**, did knowingly and willfully utter and possess counterfeited securities of ZC Sterling Insurance Agency, Inc., an organization which operates in and the activities of which affect interstate commerce, with the intent to deceive the Wachovia Bank branch described below;

| COUNT | CHECK NO. | AMOUNT | WACHOVIA BRANCH LOCATION |
|---|---|---|---|
| 1 | 1230003462 | $846.82 | 828 Orleans Road<br>Charleston, S.C. |
| 2 | 1230003463 | $849.52 | 1074 Montague<br>North Charleston, S.C. |
| 3 | 1230003464 | $845.70 | 4400 Dorchester Road<br>North Charleston, S.C. |
| 4 | 1230003465 | $856.72 | 8599 Rivers Ave.<br>North Charleston, S.C. |
| 5 | 1230003468 | $795.68 | 5561 Rivers Avenue<br>North Charleston, S.C. |
| 6 | 1230003469 | $796.45 | 1100 Hwy. 17<br>Mt. Pleasant, S.C. |
| 7 | 1230003470 | $829.40 | 507 Coleman Blvd.<br>Mt. Pleasant, S.C. |
| 8 | 1230003474 | $825.28 | 10106 Dorchester Road<br>Summerville, S.C. |
| 9 | 1230003476 | $843.76 | 406 N. Main Street<br>Summerville, S.C. |
| 10 | 1230003477 | $842.79 | 237 East Main<br>Summerville, S.C. |
| 11 | 1230003478 | $829.34 | 237 East Main<br>Moncks Corner, S.C. |
| 12 | 1230006556 | $842.79 | 165 Cannon Street<br>Charleston, S.C. |
| 13 | 1230006557 | $826.39 | 16 Broad Street<br>Charleston, S.C. |
| 14 | 1230006558 | $828.30 | Berkeley Square<br>Goose Creek, S.C. |
| 15 | 1230006560 | $846.82 | 1305 Sam Rittenburg<br>Charleston, S.C. |

In violation of Title 18, United States Code, Section 513(a).

A __TRUE__ BILL

__/s/ David A. Blaeuer__
FOREPERSON

__/s/ J. René Josey__
J. RENÉ JOSEY (SNS)
UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. |
| THOMAS BARRETT STRINGER | ) | [UNDER SEAL] |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Linda L. Kelly, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

#### I. THE INDICTMENT

A Federal Grand Jury returned an eleven-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-9 | Possessing and Uttering a Counterfeit Security on or about November 12, 1997 | 18 U.S.C §513(a) |
| 10-11 | Possessing and Uttering a Counterfeit Security on or about November 13, 1997 | 18 U.S.C. §513(a) |

#### II. ELEMENTS OF THE OFFENSE

A. As to Counts 1-11:

In order for the crime of possessing and uttering a counterfeit security, 18 U.S.C. §513(a) to be established, the

government must prove all of the following essential elements beyond a reasonable doubt:

1. That the instrument named in the Indictment is a "security." The term "security" means:

(A) a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument as defined in section 916(c) of the Electronic Fund Transfer Act (15 U.S.C. §1693(c)), money order, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest in or participation in any profit-sharing agreement collateral-trust certificate, pre-reorganization certificate of subscription, transferable share, investment contract, voting trust certificate, or certificate of interest in tangible or intangible property;

(B) an instrument evidencing ownership of goods, wares, or merchandise;

(C) any other written instrument commonly known as a security;

(D) a certificate of interest in, certificate of participation in, certificate for, receipt for, or warrant or option or other right to subscribe to or purchase, any of the foregoing; or

(E) a blank form of any of the foregoing

See Title 18, United States Code, Sections 513(a) and 513(c)(3).

2. That the instrument named in the Indictment was issued by an organization. The term "organization" means a legal entity, other than a government, established or organized for any purpose, and includes a corporation, company, association, firm, partnership, joint stock company, foundation, institution, society, union or any other association or persons which operates in or the activities of which affect interstate or foreign commerce. Title

See Title 18, United States Code, Sections 513(a) and 513(c)(4).

3. That the instrument named in the Indictment was "counterfeited." The term "counterfeited" means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety.

See Title 18, United States Code, Sections 513(a) and 513(c)(1).

4. That the defendant made, uttered or possessed the counterfeited security.

See Title 18, United States Code, Section 513(a).

5. That the defendant intended to deceive another organization.

See Title 18, United States Code, Section 513(a).

III. PENALTIES

A. As to Counts 1-11:

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 10 years (Title 18 U.S.C. §513(a);

(b) a fine not more than the greater of;

(1) $250,000, Title 18 U.S.C. §3623(a)(3) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(b)(3) (effective November 1, 1987);

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or

twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process. Title 18 U.S.C. §3623(c)(1) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(d) (effective November 1, 1987);

    (c) a term of supervised release of not more than three (3) years. Title 18 U.S.C. §3583;

    (d) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count for which the defendant is convicted, pursuant to 18 U.S.C. §3013, as all offenses occurred after April 24, 1996.

### V. RESTITUTION

Restitution may be ordered in this case as to each count, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §3663.

Respectfully submitted,

LINDA L. KELLY
United States Attorney


SHAUN E. SWEENEY
Assistant U.S. Attorney
PA I.D. No. 53568

Approval:  Section Chief  _____
           Division Chief  _____